# **EXHIBIT B**

Case 4:21-cv-01756 Document 1-2 Filed on 05/28/21 in TXSD Page 2 of 10

4/26/2021 2:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52823973
By: Courtni Gilbert
Filed: 4/26/2021 2:41 PM

2021-24773 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| **HUMBERTO ORTIZ**<br>**Plaintiff,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **v.** | §<br>§<br>§ | **HARRIS COUNTY, TEXAS** |
| **FIESTA MART, L.L.C.**<br>**Defendant.** | §<br>§<br>§<br>§ | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Humberto Ortiz, hereinafter called "Plaintiff", complaining of and about Fiesta Mart, L.L.C., hereinafter called "Defendant", and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiff intends to seek monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### II.
### PARTIES AND SERVICES

Plaintiff Humberto Ortiz is a Texas resident. Mr. Ortiz may be contacted through his Counsel of Record, Jason E. Payne, The Payne Firm P.C., 2900 Smith Street, Suite 200, Houston, Texas, 77006.

Defendant Fiesta Mart, L.L.C., is a Domestic For-Profit Corporation that may be served via its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201 USA.

Case 4:21-cv-01756   Document 1-2   Filed on 05/28/21 in TXSD   Page 3 of 10

5/24/2021 10:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53727388
By: Lewis John-Miller
Filed: 5/24/2021 10:29 AM

CAUSE NO. 2021-24773

| | | |
|---|---|---|
| HUMBERTO ORTIZ<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§<br>§<br>§ | 11TH JUDICIAL DISTRICT |
| FIESTA MART, LLC<br>Defendant. | §<br>§ | OF HARRIS COUNTY, TEXAS |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III. Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV. Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC, incorrectly sued as FIESTA MART, INC. and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>MEHAFFYWEBER, P.C.
>
>By:<u>/s/Maryalyce W. Cox</u>
>Maryalyce W. Cox
>State Bar No. 24009203
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEY FOR DEFENDANT
>FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on May 24, 2021, pursuant to the Texas Rules of Civil Procedure.

>*Maryalyce W. Cox*
>Maryalyce W. Cox

3

HOULITIGATION:1773510.1

### III.

### MISNOMER/MISIDENTIFICATION

In the event any parties are misnamed or are not included herein, it is Plaintiff's contentions that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.

### JURISDICTION AND VENUE

Venue is proper in Harris County on the grounds that at all times material to this lawsuit and to the filing of this lawsuit, all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County, Texas. Therefore, venue properly lies in Harris County.

### V.

### FACTS

On or about November 29, 2019 Plaintiff was a customer at the Fiesta Mart located at 11240 Fondren Road Houston, TX 77096. As a result of the Defendant's negligence, Plaintiff suffered severe injuries after he slipped and fell on a puddle of water. This incident, and the injuries resulting therefrom, were proximately caused by the negligent acts and/or omissions of the Defendants.

### VI.

### NEGLIGENCE AS TO FIESTA MART, L.L.C.

Plaintiff hereby incorporates by reference the factual assertions contained above. Plaintiff hereby alleges that Fiesta Mart, L.L.C., negligent and Defendant's negligence was the proximate cause of the injuries suffered by Plaintiff. Plaintiff would allege Fiesta Mart, L.L.C., negligent in the following regards:

1. Failing to exercise ordinary care a premises owner would have exercised under the same or similar circumstances and;

2. Failing to make the premises reasonably safe.

Each of these acts and/or omissions of Fiesta Mart, L.L.C., whether taken singularly or in any combination constitute negligence and gross negligence that proximately caused the Plaintiff's injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VII.

## **NEGLIGENCE**

Defendants' negligent acts and/or omissions of said premises include, but are not limited to:

1. Failing to maintain said premises in a reasonable condition;

2. Failing to inspect said premises;

3. Failing to make reasonable repairs; and

4. Failing to warn of a dangerous condition of said premises.

The above and foregoing acts and/or omissions were a proximate cause of Plaintiff's injuries and damages and were committed and/or omitted by Defendants, its agents, servants, and/or employees in the course and scope of its agency, representation or employment.

As a result of the injuries Plaintiff sustained as a result of the incident made the basis of this suit, Plaintiff has incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

Plaintiff would further show that as a result of the negligence of the Defendants, and the injuries to Plaintiff caused solely by the said negligence of said Defendants, Plaintiff has experienced extreme physical pain, suffering and mental anguish; and, in all probability, will be forced to endure physical pain, suffering, and mental anguish for an undetermined length of time in the future and probably for the rest of his life.

## VIII.
## GROSS NEGLIGENCE

Plaintiff also asserts that Defendants' conduct constituted gross negligence, conscious indifference and malice, as those terms are defined and interpreted under Texas law. As such, Plaintiff is entitled to recover and hereby sues for the recovery of punitive and/or exemplary damages.

## IX.
## DAMAGES

The injuries Plaintiff sustained as a result of the incident made the basis of this suit, Plaintiff has incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate his:

a.  The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

b.  The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

c.  The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

d.  The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future; and

e.  The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future.

f.  The amount of reasonable, if at all any, loss wages necessarily incurred.

## X.
## JURY DEMAND

Plaintiff requests a trial by jury. With this lawsuit, Plaintiff has deposited the required fee

with the District Clerk.

## XI.
## RULE 193.7 NOTICE

Pursuant to Texas Rule of Civil Procedure 193.7 Plaintiff intends to use all of Defendants' discovery responses as evidence at trial in accordance with such rights and privileges.

## XII.
## DISCLOSURE REQUEST

Pursuant Texas Rule of Civil Procedure 194, except as exempted by Rule 194.2(d) or as otherwise agreed by the parties or ordered by the court, Defendants must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, 194.3, and 194.4 of the Texas Rule of Civil Procedure.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request the Defendants be cited to appear and answer and that on final trial Plaintiff has:

1. Judgment against Defendants for a sum within the jurisdictional limits of the Court, with prejudgment interest as provided by law.

2. Interest after judgment at the legal rate until paid.

3. Costs of suit.

4. Damages for pain and suffering.

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE PAYNE FIRM, P.C.**

*/s/ David Points, III*
David Points, III
Texas Bar No. 24105943
2900 Smith Street, Suite 200
Houston, TX 77006
dpoints@paynelawfirm.com
Tel: (713) 223-5100
Fax: (713) 222-0794

**ATTORNEY FOR PLAINTIFF**